UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
HAGGAR INTERNATIONAL CORPORATION,
*doing business as* MONTANA FOOD INDUSTRIES,

                        Plaintiff,

                     - against -

UNITED COMPANY FOR FOOD INDUSTRY
CORPORATION, et al.,

                       Defendants.
-----------------------------------------------------------------X

**MEMORANDUM
AND    ORDER**

03 CV 5789 (CLP)

On November 17, 2003, plaintiff Haggar International Corporation, d/b/a Montana Food Industries ("Haggar"), commenced this trademark action against United Company for Food Industry Corporation ("United") and Trans Mid-East Shipping & Trading Agency, Inc. ("Trans Mid-East") (collectively, the "defendants"). On September 20, 2012, while the parties were awaiting this Court's decision on the issue of liability, following a three-day bench trial, plaintiff moved to "displace" Edwin D. Schindler, Esq., as counsel for plaintiff. Plaintiff claimed that "irreconcilable differences" had arisen between the plaintiff and Mr. Schindler and that it was their "mutual desire" that Mr. Schindler withdraw from this case. (Lyon Decl.[1] at 2).

On November 28, 2012, the Court issued a Memorandum and Order ruling in favor of plaintiff on all of its federal claims. On January 2, 2013, Mr. Schindler filed a motion to "fix the amount of, and enforce, a charging lien" against the plaintiff for attorney's fees allegedly owed to Mr. Schindler. On January 4, 2013, a discovery conference was held before the undersigned, at which the Court granted plaintiff's motion to allow Mr. Schindler to withdraw as counsel. At

---

[1] Citations to "Lyon Decl." refer to the Declaration of Robert E. Lyon, Esq., re: Motion for Order for Displacement of Attorney of Record, dated September 20, 2012.

that time, the Court stayed Mr. Schindler's motion for a charging lien pending the Court's determination of the amount of damages to be awarded to plaintiff.

On January 17, 2013, Mr. Schindler filed a motion for reconsideration of the Court's Order staying consideration of his motion for a charging lien ("Mot."). Neither Haggar or the defendants have filed any opposition. For the reasons stated herein, the Court denies Mr. Schindler's motion for reconsideration.

## DISCUSSION

A. <u>Motion for Reconsideration - Legal Standard</u>

Local Civil Rule 6.3 allows parties to file motions for reconsideration regarding "matters or controlling decisions which counsel believes the court has overlooked." "'The standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court.'" <u>Lupo v. Comm'r of Social Sec.</u>, No. 07 CV 4660, 2011 WL 2036448, at *1 (E.D.N.Y. May 24, 2011) (quoting <u>Shrader v. CSX Transp., Inc.</u>, 70 F.3d 255, 257 (2d Cir. 1995)).

Generally, under Rule 6.3, courts have required that the movant "demonstrate controlling law or factual matters put before the court on the underlying motion that the movant believes the court overlooked and that might reasonably be expected to alter the court's decision." <u>Ferrand v. Credit Lyonnais</u>, 292 F. Supp. 2d 518, 520 (S.D.N.Y. 2003) (internal citations omitted); <u>see also</u> <u>Byrne v. Liquid Asphalt Sys., Inc.</u>, 250 F. Supp. 2d 84, 88 (E.D.N.Y. 2003). Therefore, a moving party may not "advance new facts, issues or arguments not previously presented to the Court." <u>Winkler v. Metro. Life Ins. Co.</u>, 340 F. Supp. 2d 411, 413 (S.D.N.Y. 2004) (quoting

2

Morse/Diesel, Inc. v. Fidelity & Deposit Co. of Maryland, 768 F. Supp. 115, 116 (S.D.N.Y. 1991)); see also Ferrand v. Credit Lyonnais, 292 F. Supp. 2d at 520 (holding that Rule 6.3 is "not intended as a vehicle for a party dissatisfied with the court's ruling to advance new theories that the movant failed to advance in connection with the underlying motion"). Reconsideration of a prior order may also be appropriate "if the court's original order was ambiguous." Lotze v. Hoke, 654 F. Supp. 605, 607 (E.D.N.Y. 1987) (citing Kelly v. Pension Benefit Guar. Corp., No. 79 CV 0547, 1980 U.S. Dist. LEXIS 12458, at *1 (S.D.N.Y. July 17, 1980)).

The rule is to be "narrowly construed and strictly applied so as to avoid repetitive arguments on issues that have already been considered fully by the court," Minkina v. Ashcroft, No. 01 CV 511, 2004 WL 1447947, at *1 (E.D.N.Y. June 25, 2004) (citing Veloz v. State of New York, No. 98 CV 567, 1999 WL 642883, at *2 (S.D.N.Y. Aug. 24, 1999)), and such a motion must not be used as a substitute for an appeal. See Ferrand v. Credit Lyonnais, 292 F. Supp. 2d at 520. Instead, the rule is an "extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." Winkler v. Metro. Life Ins. Co., 340 F. Supp. 2d at 412 (quoting In re Health Mgmt. Sys., Inc. Sec. Litig., 113 F. Supp. 2d 613, 614 (S.D.N.Y. 2000)). Rule 6.3 was designed to provide a mechanism "to 'correct a clear error or prevent manifest injustice.'" Jordan v. Metro. Life Ins. Co., No. 03 CV 4110, 2004 WL 1752822, at *2 (S.D.N.Y. Aug. 4, 2004) (quoting Doe v. New York City Dep't of Soc. Servs., 709 F.2d 782, 789 (2d Cir.), cert. denied, Catholic Home Bureau v. Doe, 464 U.S. 864 (1983)); see also Belmont v. Associates Nat'l Bank, 219 F. Supp. 2d 340, 343 (E.D.N.Y. 2002).

B.   Charging Lien

Mr. Schindler argues that a charging lien is necessary to protect his interests in case the parties settle, and he argues that courts generally decide charging lien motions before damages are determined. (Mot. at 2-4).

When an attorney ceases to represent a client during the course of a proceeding, the attorney may seek to protect his right to fees either by invoking a retaining lien on the files of his client, see, e.g., Pomerantz v. Schandler, 704 F.2d 681, 683 (2d Cir. 1983), or through the assertion of a statutory charging lien on any amounts recovered by the attorney's former client in the proceeding. See Casper v. Lew Lieberbaum & Co., Inc., No. 97 CV 3016, 1999 WL 335334, at *5 (S.D.N.Y. May 26, 1999).

Section 475 of the Judiciary Law of the State of New York provides the basis under which attorneys may assert their right to a lien upon the proceeds of their client's cause of action:

> From the commencement of an action . . . in any court . . . the attorney who appears for a party has a lien upon his client's cause of action . . . which attaches to a verdict, report, determination, decision, judgment or final order in his client's favor, and the proceeds thereof in whatever hands they may come; and the lien cannot be affected by any settlement between the parties before or after judgment, final order or determination. The court upon the petition of the client or attorney may determine and enforce the lien.

N.Y. Jud. Law § 475 (McKinney); see, e.g., Itar-Tass Russian News Agency v. Russian Kurier, Inc., 140 F.3d 442, 448 (2d Cir. 1998); Cohen v. N.Y. City Health & Hosp. Corp., No. 99 CV 3896, 2001 WL 262764, at *1 (S.D.N.Y. Mar. 16, 2001); Caribbean Trading & Fidelity Corp. v. Nigerian Nat'l Petroleum Co., No. 90 CV 4169, 1993 WL 541236, at *3 (S.D.N.Y. Dec. 28, 1993). A lien created by Section 475 is fully enforceable in federal court "'in accordance with

4

its interpretation by New York courts,'" Itar-Tass Russian News Agency v. Russian Kurier, Inc., 140 F.3d at 449 (quoting Chesley v. Union Carbide Corp., 927 F.2d 60, 67 (2d Cir. 1991)), and the Second Circuit has held that federal courts have the responsibility to exercise supplemental jurisdiction over an attorney's claim for a lien "'to protect its own officers in such matters as fee disputes.'" Id. at 444 (quoting Cluett, Peabody & Co., Inc. v. CPC Acquisition Co., Inc., 863 F.2d 251, 256 (2d Cir. 1988)). An attorney's lien under Section 475 attaches "from the moment the action commences" and attaches not only to any judgment that the client may obtain, but also to the proceeds of any settlement between the parties to the underlying action. See Caribbean Trading & Fidelity Corp. v. Nigerian Nat'l Petroleum Co., 1993 WL 541236, at *4 (citing New York v. Keeffe, 50 N.Y.2d 149, 428 N.Y.S.2d 446, 449, 405 N.E.2d 1012 (1980)).

However, at issue in the present motion is not whether Mr. Schindler is entitled to a charging lien, but only whether the Court must grant his motion to fix the amount of the charging lien before damages are determined. Mr. Schindler cites Butler, Fitzgerald & Potter v. Sequa Corp., 250 F.3d 171, 177 (2d Cir. 2001), for the proposition that it is not "established procedure to defer ruling upon a motion for a charging lien until after a damages determination." (Mot. at 4). Butler is inapposite. The issue before the court in Butler was whether it was an abuse of discretion for the district court to deny the plaintiff's former counsel's motion to intervene in the action, where the former counsel had obtained a charging lien that would be extinguished if a favorable judgment was not entered for the plaintiff. Although the Butler court observed that the charging lien was of "obvious value to the law firm," it did not address the question of whether the district court was required to fix the amount of the charging lien at a particular stage of the litigation. See Butler, Fitzgerald & Potter v. Sequa Corp., 250 F.3d 171.

The other case cited by Mr. Schindler, Misek-Falkoff v. Int'l Bus. Machines Corp., 829

5

F. Supp. 660, 661-62 (S.D.N.Y. 1993), is similarly unpersuasive. In Misek-Falkoff, the Honorable Vincent L. Broderick granted the attorney-movant's motion for reconsideration of his decision to stay determination of the amount of attorney's fees owed, referring the matter to the Magistrate Judge to determine the amount of attorney's fees due. Misek-Falkoff v. Int'l Bus. Machines Corp., 829 F. Supp. at 662. However, Judge Broderick noted that "in the normal case I would defer determination of the fees and disbursements due the moving attorney until the resolution of the main case to avoid injecting side issues." Misek-Falkoff v. Int'l Bus. Machines Corp., 829 F. Supp. 660, 663 (S.D.N.Y. 1993). Judge Broderick explicitly noted that his decision to allow the fee issue to proceed was a "departure" from this normal approach. Id. Moreover, the court did not lift the stay altogether; instead, Judge Broderick modified the stay such that the amount of the charging lien would be determined by the Magistrate Judge only after the parties fully briefed a motion for summary judgment. Id.

In its original Order, this Court stayed Mr. Schindler's motion to allow the parties to focus on the remaining central issues of this extremely long and protracted litigation – the nature and extent of relief to be awarded and whether further discovery is appropriate. Mr. Schindler has not presented any information to assuage the Court's concerns that requiring plaintiff's remaining counsel to address the lien issue will divert attention from the merits of the case. Nor has Mr. Schindler identified any controlling decisions or data the Court overlooked in its original Order, as is required by Rule 6.3 in connection with a motion for reconsideration.

Accordingly, Mr. Schindler's motion to fix a charging lien is denied at this time without prejudice to re-file once damages have been determined. At that time, Mr. Schindler should contact the Court to request a briefing schedule. In addition to addressing the amount of the lien, the parties should provide information on the issue of whether Mr. Schindler was terminated

with or without cause. See People v. Keeffe, 50 N.Y.2d at 156, 405 N.E.2d at 1015, 428 N.Y.S.2d at 449 (holding that if an attorney is terminated for misconduct, he or she has no right to compensation or the charging lien); Dagny Mgmt. Corp. v. Oppenheim & Meltzer, 199 A.D.2d 711, 712, 606 N.Y.S.2d 337, 338 (3d Dep't 1993) (quoting Campagnola v. Mulholland, Minion & Roe, 76 N.Y.2d 38, 44, 555 N.E.2d 611, 614, 556 N.Y.S.2d 239, 242 (1990)); Williams v. Hertz Corp., 75 A.D.2d 766, 767, 427 N.Y.S.2d 825 (1st Dep't 1980) (holding that "an attorney who is discharged for cause or misconduct has no right to the payment of fees").

## CONCLUSION

Mr. Schindler's motion for reconsideration is denied. Mr. Schindler's motion to fix a charging lien is denied at this time without prejudice to re-file once the Court has determined the amount of damages owed to the plaintiff. At that time, Mr. Schindler should contact the Court to request a briefing schedule.

**SO ORDERED.**
Dated: Brooklyn, New York
July 3, 2013

/s/ Cheryl L. Pollak

Cheryl L. Pollak
United States Magistrate Judge
Eastern District of New York